Albertine LONG, Millie Dietz,
et al., Plaintiffs,

v.

Edward MADIGAN, in his official capacity as the United States Secretary of Agriculture; et al., Defendants.

Civ. No. 5–91–186.

United States District Court,
D. Minnesota,
Fifth Division.

Nov. 23, 1994.

---

Thompson, Legal Aid Soc. of Minneapolis, Minneapolis, MN for plaintiffs.

Mary Ellen Carlson, U.S. Attys. Office, Minneapolis, MN for defendants Madigan, Ausman, Bjorhus and Slininger.

Roger J. Nierengarten, Nierengarten Law Offices, St. Cloud, MN, for defendant Dziubinski.

## ORDER

DOTY, District Judge.

Based upon the Report and Recommendation of United States Magistrate Judge Raymond L. Erickson, and after an independent review of the files, records and proceedings in the above-titled matter, it is—

ORDERED:

That plaintiffs' motion to compel compliance [Docket No. 63] shall be, and hereby is, dismissed on jurisdictional grounds.

## ORDER AND REPORT AND RECOMMENDATION

ERICKSON, United States Magistrate Judge.

At Duluth, in the District of Minnesota, this 3rd day of November, 1994.

### I. *Introduction*

This matter came before the undersigned United States Magistrate Judge pursuant to a special assignment, made in accordance with the provisions of Title 28 U.S.C. § 636(b)(1)(B), upon the Plaintiffs' Motion to compel the Defendant Dziubinski ("Dziubinski") to comply with the terms of a Settlement Agreement that the parties had reached, and to proceed with the closing on the sale of an apartment building which was the focus of the Settlement Agreement.[1]

A Hearing on the Motion was conducted on October 27, 1994, at which time the Plaintiffs appeared by Anna–Marie Johnson and Timothy L. Thompson, Esqs., and Dziubinski appeared by Roger J. Nierengarten, Esq.

Anna–Marie Johnson, St. Cloud Area Legal Services, Little Falls, MN, Timothy Lee

1. Additionally, on or about October 19, 1994, Dziubinski lodged a Motion for the imposition of Rule 11 sanctions, which was, assertedly, to be heard on October 27, 1994. No useful purpose would be advanced in addressing a Motion which is not only untimely under the Local Rules of this District, but is also wholly without merit. Accordingly, we deny the Motion without further comment.

For reasons which follow, we recommend that the Court decline to accept jurisdiction over the Plaintiffs' Motion.

II. *Factual and Procedural Background*

By their Complaint in this action, which was filed on December 31, 1991, the Plaintiffs contended that Dziubinski had initiated rent increases which were in excess of those permitted by Federal law. See, *Title 42 U.S.C. § 1472(c)(5)(G)(i); 7 C.F.R. § 1965, Subp. B, Exh. E, § V(A)(1).* The Plaintiffs are former or present tenants in the Willow Apartments complex, which is located in Little Falls, Minnesota, which was financed by the Farmers Home Administration ("FmHA"), and which, therefore, is subject to all applicable Federal laws and regulations.

Coincident to the commencement of this action, the District Court, the Honorable David S. Doty presiding, issued a Temporary Restraining Order, which prohibited Dziubinski from taking any action to increase the rents of the Plaintiffs beyond the amount of the rents they had paid to the Defendant as of December of 1991, until the Plaintiffs' Motion for a Preliminary Injunction could be heard. On January 22, 1992, the District Court issued a Preliminary Injunction which, among other provisions, precluded Dziubinski from charging the Plaintiffs rent in excess of thirty percent (30%) of their personal adjusted gross income. Subsequently, the Plaintiffs sought a second Preliminary Injunction which would enjoin Dziubinski from evicting the Plaintiffs by means of a State unlawful detainer action, without first providing the Plaintiffs with all of the procedural rights to which they were entitled under Federal law. By Order dated February 24, 1992, the District Court deferred to the State Courts of Minnesota the conduct of any eviction proceedings, and the compliance of those Hearings with the Plaintiffs' rights as they are embodied in the Federal law.

Thereafter, the parties engaged in extended settlement negotiations which resulted in a Stipulation of Settlement, that was executed by counsel for each of the parties, and was filed with the Court on January 21, 1994. The Stipulation contemplated Dziubinski's sale of the Willow Apartments to a non-profit organization or to a public agency which was committed to retaining that project as low-income housing over the long term. In pertinent part, the Stipulation provided:

6. Community Housing Development Corporation (CHDC), a qualified non-profit organization, submitted a timely bona fide offer to purchase the property. Defendant Dziubinski accepted the bid, and a purchase agreement has been negotiated between CHDC and defendant Dziubinski, subject to FmHA financing of the sale. **Defendant Dziubinski hereby agrees to pursue in good faith completion of the sale to CHDC, or in the event CHDC is unable to complete purchase, to pursue completion of the sale with any other non-profit organization or public agency which submitted a timely bona fide offer to purchase the property.**

[Emphasis supplied].

\* \* \* \* \* \*

8. The parties agree that CHDC must be encouraged to complete its application so as not to jeopardize the availability of FmHA funding. the parties will be kept informed of the progress of the CHDC application and of the date for closing. The Court may enter an order dismissing the case with prejudice upon notice of sale to CHDC or within 90 days of the filing of this Stipulation, whichever comes first.

On June 6, 1994—well after the 90 day period authorized by the parties—the District Court issued its Order of Dismissal which provided, in its entirety, as follows:

Pursuant to the Stipulation of Settlement previously filed herein, the Court hereby enters an Order incorporating the terms of the Stipulation of Settlement and dismissing the above-entitled case with prejudice.

Unbeknownst to the District Court, but known to each of the parties to this litigation—at a time that was prior to the Court's issuance of its Order of Dismissal—a significant obstacle to the settlement of this action developed as a result of the allocation of real estate taxes, for the Willow Apartments, as provided by the parties' Option to Purchase Agreement. In this respect, the parties agreed to the following provision:

The taxes for the year in which the closing of the transaction takes place shall be prorated as of the date of closing of the transaction. It is expressly agreed that for the purpose of such proration the tax year shall be deemed to be the calendar year.

Dziubinski contends that he understood his real estate tax liability to be limited to the taxes for 1992 which were payable in 1993. If correct, then the taxes in 1993, which are payable in 1994—in an amount of $26,638.00—would be the responsibility of CHDC. In support of his interpretation of the parties' real estate tax allocation, counsel for Dziubinski advises that an officer of the FmHA orally agreed to Dziubinski's position—a contention that FmHA and the Plaintiffs contest. As a result of this disagreement, Dziubinski has provided the Court with a copy of a Summons and Complaint in the Minnesota District Court for the Seventh Judicial District, which seeks a declaration of who bears responsibility, under the terms of the Option to Purchase Agreement, for that portion of the real estate taxes for the Willow Apartments that are payable in 1994. CHDC is the only named Defendant in the State Court action.[2]

Upon this Record, the Plaintiffs argue that Dziubinski's conduct has required Court intervention in the past and that, at present, he has failed to advance a good faith basis to contest his liability for the real estate taxes that are payable in 1994. Accordingly, the Plaintiffs request the Court to enforce that portion of the Stipulation of Settlement that requires Dziubinski "to pursue in good faith completion of the sale to CHDC, or in the event CHDC is unable to complete purchase, to pursue completion of the sale with any other non-profit organization or public agency which submitted a timely bona fide offer to purchase the [Willow Apartments]."

### III. *Discussion*

Although not cited by the Motion papers of either party, the Court sought the parties' views as to our jurisdiction to entertain the Plaintiffs' Motion in view of the Supreme Court's recent holding in *Kokkonen v. Guardian Life Ins. Co. of America,* —— U.S. ——, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994). The Court has now reviewed the supplemental letter Briefs that the parties have filed on that issue, and is satisfied that the District Court should decline to exercise its jurisdiction over the Motion that the Plaintiffs have filed.

In *Kokkonen,* the Court recognized that the Federal District Courts have limited subject matter jurisdiction and that, despite the finalization of a settlement of a Federal cause of action, the enforcement of that action is properly subject to the plenary powers of the State Courts to entertain actions based upon a contract. As the Court expressly noted, "[e]nforcement of the settlement·agreement, however, through award of damages or decree of specific enforcement, is more than just a continuation or renewal of the dismissed suit, and hence requires its own basis for jurisdiction." *Id.* at —— – ——, 114 S.Ct. at 1675–76. The Court went on to reason as follows:

> The short of the matter is this: The suit involves a claim for breach of a contract, part of the consideration for which was dismissal of an earlier federal suit. No federal statute makes that connection (if it constitutionally could) the basis for federal-court jurisdiction over the contract dispute. The facts to be determined with regard to such alleged breaches of contract are quite separate from the facts to be determined in the principal suit, and automatic jurisdiction over such contracts is in no way essential to the conduct of federal-court business. If the parties **wish** to provide for the court's enforcement of a dismissal-producing settlement agreement, they can seek to do so.

*Id.* at ——, 114 S.Ct. at 1677 [emphasis in original].

Here, the Plaintiffs urge that the parties' intendment was to retain the District Court's jurisdiction so as to resolve any settlement

---

**2.** Counsel for Dziubinski represents that, consistent with the Minnesota Rules of Civil Procedure, the State Court action has been commenced, but the Plaintiffs question that assertion. Our Rec- ommendation does not require that we resolve this apparent conflict in the parties' representations to the Court.

enforcement issues since the Court's Order of Dismissal expressly incorporated the terms of the Stipulation of Settlement. Although Dziubinski denies such an incorporation, he overlooks the obvious.

■ Notwithstanding the District Court's recital that it was entering an Order that incorporated the terms of the parties' Stipulation of Settlement, we think that the exercise of the Court's jurisdiction over the present Motion would be improvident for several reasons. First, our review of the terms of the parties' Stipulation of Settlement fails to disclose any provision which expressly records their intent that the Court should indefinitely retain jurisdiction over the case following the dismissal of the Plaintiffs' claims with prejudice. Rather, the Stipulation reflects the parties' agreement that the Court should retain jurisdiction for a period of 90 days. Had the parties agreed to a longer period of retention, they had a full opportunity to expressly agree to such a provision. In this respect, the Supreme Court noted:

> Even when, as occurred here, the dismissal is pursuant to Rule 41(a)(1)(ii) (which does not by its terms empower a District Court to attach conditions to the parties' stipulation of dismissal) we think the court is authorized to embody the settlement contract in its dismissal order (or, what has the same effect, retain jurisdiction over the settlement contract) **if the parties agree.**

*Id.* at ——, 114 S.Ct. at 1677 [emphasis supplied].

We need not decide here whether the Court may, *sua sponte*, retain jurisdiction over a dismissed action—in spite of the parties' desire that the Court's jurisdiction terminate—but we would observe that the Plaintiffs' argument for retained jurisdiction would be more compelling if the parties' Stipulation had expressly demonstrated their consent to such a retention.[3]

■ Instead, we premise our Recommendation on the obvious and indisputable fact that the Plaintiffs seek the Court's resolution of a contractual dispute which finds no independent jurisdictional basis in Federal law—at least, apart from what was previously denominated as the doctrine of ancillary jurisdiction. No Federal question is involved in the enforcement of the Stipulation of Settlement and no diversity of citizenship is presented. The Plaintiffs do not seek a rescission of the Court's Order of Dismissal, but request the Court's decree which would specifically enforce the terms of a contractual agreement. More importantly, the Plaintiffs importune a determination that Dziubinski breached a provision that he should act in "good faith" in closing a sale with CHDC or, "in the event that CHDC is unable to complete purchase, to pursue completion of the sale with any other non-profit organization or public agency which submitted a timely bona fide offer to purchase the property." Although the Plaintiffs are convinced that Dziubinski violated his agreement to act in "good faith," whether such a breach occurred is distinctly an issue of fact which, in our judgment, does not implicate the expertise of the Federal Courts.[4]

---

3. During the Hearing on their Motion, counsel for the Plaintiffs advised that he had been responsible for drafting the proposed Order of Dismissal, and that he had crafted the language that incorporated the Stipulation of Settlement after he had reviewed the Supreme Court's decision in *Kokkonen,* which was published on May 16, 1994. While, undoubtedly, the retention of Federal Court jurisdiction was an accurate expression of the Plaintiffs' intent, we are without a basis to determine if the draft Order was reviewed by defense counsel prior to its submission to the District Court, so as to ascertain the Defendants' acquiescence in such a retention of jurisdiction.

While not rising to the level of laches, we find particularly problematic the fact that an Order was proposed to the Court for the dismissal of the Plaintiffs' claims with prejudice when the parties had knowledge that a significant glitch had arisen which could impede the amicable resolution of the action. Indeed, the Court was first apprised of a problem in the settlement of this matter when the Motion to Compel Compliance was filed on or about October 14, 1994. We are presented with no explanation as to why the District Court was not advised, prior to its issuance of the Order of Dismissal, that the settlement of this matter was in some jeopardy, or why the issue of settlement was not presented for the Court's attention until some four months after the case was closed.

4. Indeed, we have substantial doubt that the provision is sufficiently definite to permit its specific enforcement. Read as a whole, Dziubinski's obligation to proceed in "good faith" is conditioned on the ability—whatever that should entail—of

Since this action was commenced after the effective date of the Judicial Improvements Act of 1990, Pub.L. 101–650, 104 Stat. 5089 (effective December 1, 1990), we look to the provisions of Title 28 U.S.C. § 1367 in order to ascertain our supplemental jurisdiction to address those issues which are ancillary to the Plaintiffs' claims that have been previously dismissed with prejudice. As here pertinent, Section 1367(c) provides:

The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) [i.e., one that is related to a claim that falls within the Court's original jurisdiction] if—

\* \* \* \* \* \*

(3) the district court has dismissed all claims over which it has original jurisdiction \* \* \*.

Here, there are no claims pending before the Court as to which Federal Court jurisdiction attaches.[5] What remains is an action for breach of contract that, if it is to be pursued, may be fully and properly resolved in the Courts of the State of Minnesota. If, as counsel for Dziubinski advises, an action is currently pending in the State Courts which could resolve the real estate tax liability issue, then the Plaintiffs may well wish to intervene in that proceeding so as to enforce their right, if any, for specific enforcement of their settlement with Dziubinski.[6]

Lastly, we would be hesitant to recommend that the Court decline to exercise its jurisdiction if the Plaintiffs would be denied a

forum to resolve the wrongs they claim. Their assertion, however, that Dziubinski violated his agreement with them does not require the unique perspective of the District Court and, indeed, all that has developed in the processing of the underlying Federal claim is largely irrelevant to the Plaintiffs' current request that the Court specifically enforce their contractual rights against Dziubinski. Nor do we find any basis to believe that the Court's inherent obligation to preserve the integrity of its Orders is jeopardized by a disinclination to enter the contractual fray that the Plaintiffs have proposed.[7]

Accordingly, we recommend that the Court decline to exercise its jurisdiction over the Plaintiffs' Motion to Compel Compliance, and that the Motion be dismissed.

THEREFORE, It is—

ORDERED:

That the Defendant Dziubinski's Motion for the imposition of Rule 11 sanctions [Docket No. 67] is DENIED.

AND, It is—

RECOMMENDED:

That the Plaintiffs' Motion to Compel Compliance [Docket No. 63] be dismissed on jurisdictional grounds.

**NOTICE**

Pursuant to Rule 6(a), Federal Rules of Civil Procedure, D.Minn. LR1.1(f), and D.Minn. LR72.1(c)(2), any party may object

---

CHDC to complete the purchase of the Willow Apartments. If unable to complete the purchase, then Dziubinski is to proceed with pursuing a sale to some other non-profit organization or public agency but, in that respect, the parties have not insisted upon his "good faith." However one chooses to define "good faith," we do not have any basis to presume that Dziubinki's apparent commencement of a declaratory judgment action in the State Court lacks good faith. If it does, we are confident that the State Court can address that matter under Rule 11, Minnesota Rules of Civil Procedure.

5. Although, initially, Federal officials had been named as Defendants in this matter, the action against those officials has been dismissed with prejudice, and the Plaintiffs do not assert that those officials have breached the parties' Stipulation of Settlement. Indeed, because of their non-

involvement, counsel for the Federal agents advised the Court and the parties that they would make no appearance at the Hearing on the Plaintiffs' Motion.

6. We would note in passing that, at least at this time, CHDC is not a party to these proceedings and, given the contractual language at issue, their participation, by intervention or otherwise, would seem to be critical to the Court's consideration of the breach of contract issues.

7. In this respect, we see close parallels between a decision to now decline jurisdiction and the Court's prior deference to the State Court's consideration of Dziubinski's unlawful detainer claims which, undoubtedly, involved issues that were well within the ambit of the Court's governance of the Federal claims which were then before it.

to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties **by no later than November 17, 1994,** a writing which specifically identifies those portions of the Report to which objections are made and the bases of those objections. Failure to comply with this procedure shall operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.

If the consideration of the objections requires a review of a transcript of a Hearing, then the party making the objections shall timely order and file a complete transcript of that Hearing **by no later than November 17, 1994,** unless all interested parties stipulate that the District Court is not required by Title 28 U.S.C. § 636 to review the transcript in order to resolve all of the objections made.